UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

FILED
2010 JUN 24 PM 1:14
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JIM FLINT MCINTYRE,<br>a/k/a "Q-Ball"(1),<br>MICHAEL DEWAYNE SMITH,<br>a/k/a "Bucky"(2), and<br>FRANK LAVELLE URBISH, JR.<br>a/k/a "Thumper"(3)<br><br>  Defendants. | SA10CR0541XR<br><br>INDICTMENT<br><br>[Vio: 18 U.S.C. § 1959(a)(5): Violent Crimes in Aid of Racketeering Activity (Conspiracy to Murder Mark Davis Byrd, Sr.); 18 U.S.C. § 1959(a)(1): Violent Crimes in Aid of Racketeering Activity (Murder of Mark Davis Byrd, Sr.); 18 U.S.C. § 924(c)(1)(A)(iii): Carrying a Firearm During and in Relation to a Crime of Violence; 18 U.S.C. § 924(j)(1): Using a Firearm to Commit Murder During and in Relation to a Crime of Violence; 18 U.S.C. § 922(g)(1) and § 924(a)(2): Felon in Possession of a Firearm and §2]; NOTICE OF SPECIAL FINDINGS; NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE |

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

### THE RACKETEERING ENTERPRISE, THE ARYAN BROTHERHOOD OF TEXAS

1. At all times relevant to this indictment, the defendants, Jim Flynt McIntyre, a/k/a "Q-Ball," Michael DeWayne Smith a/k/a "Bucky," and Frank Lavelle Urbish, Jr., a/k/a "Thumper, and

others were members/prospects/associates of the Aryan Brotherhood of Texas ("ABT"), a criminal organization whose members/prospects/associates engaged in acts of violence and other criminal activities involving murder, assault, and narcotics trafficking. At all relevant times, the ABT operated in the Western District of Texas and elsewhere.

2. The ABT, including its leadership, membership, prospects and associates, constitutes an enterprise as defined in 18 U.S.C. § 1959(b)(2), that is, a group of individuals associated in fact, which is engaged in or the activities of which affect, interstate and foreign commerce. The enterprise constitutes an ongoing organization whose members/prospects/associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3. The ABT is a race-based Texas state-wide organization operating inside and outside of state and federal prisons throughout the State of Texas and the United States. The ABT was established in the early 1980's within the Texas Department of Criminal Justice (TDCJ). The ABT modeled itself after and adopted many of the precepts and writings of the Aryan Brotherhood, a California-based prison gang that was formed in the California prison system during the 1960's. The ABT offers protection to "white" inmates if they join the criminal enterprise. Membership in the ABT is for life. They adhere to

the motto that "God Forgives, Brothers Don't" (GFBD). The ABT promotes "whites" as the superior race.

4. The ABT has a written charter and by-laws ("Constitution"). The Constitution lists the duties and responsibilities of the organization and membership and is considered the foundation of the organization.

5. In the past, the ABT was primarily concerned with the protection of white inmates and white supremacy/separatism. Over time the ABT has expanded its focus more towards a criminal enterprise to include illegal activities for profit. In some cases, the ABT has made alliances with prison gangs of other ethnicities to aid in unlawful activities for profit. However, most members of the ABT live the philosophy of "14/88." "14" represents the "Fourteen Words" that form the basis of their belief, which is: "We must secure the existence of our people and a future for white children." The "8" represents the eighth letter of the alphabet (H), which when appearing twice - "88" or HH - signifies "Heil Hitler," a reference to Adolf Hitler.

6. Once released from incarceration, ABT members/prospects/associates continue to engage in criminal activity on behalf of the enterprise. Members are required to remain loyal to the ABT and to work to further the goals of the ABT through criminal activity. One of the goals of the ABT is to recruit new members. ABT members take a "blood in" oath. This

3

means members have to draw blood on behalf of the ABT, which according to the Constitution results in a lifetime commitment. Members are required to sign a "Blind Faith Commitment" in which they agree to do anything directed or requested by their superiors without question. Failure to comply may result in severe beatings, known as beat-downs, or death. These violent acts are carried out primarily by other ABT members and sometimes by their prospects and associates.

7. The ABT enforces its rules and promotes discipline among its members/prospects/associates through murder, attempted murder, conspiracy to murder, assault, robbery and threats against those who violate the rules or pose a threat to the enterprise. The ABT also uses murder and the threat of murder to maintain a position of power inside and outside of prison. Maintaining power and avoiding loss of stature motivates the ABT to commit violent acts against individuals believed to be disrespectful toward the ABT. Those members/prospects/associates who do not follow the orders of the ABT are also subject to murder, as is anyone who uses violence against an ABT member/prospect/associate. ABT members/prospects/associates who cooperate with law enforcement authorities are also subject to murder.

## MEMBERSHIP

8. ABT members are recruited from both inside and outside of

prison. In order to be considered for ABT membership, a person must be sponsored by another ABT member. Once sponsored, a prospective member must serve an unspecified term wherein he is referred to as a prospect while his conduct is observed by the members of the ABT. During this period, the prospect studies and learns the ABT Constitution and the "prospect schooling guide." While a prospect, the individual is considered part of the ABT family and entitled to the full protection of the enterprise. The prospect is also subject to the rules and orders of the enterprise. If the prospect's conduct during the probationary period is deemed satisfactory he is admitted by a vote of the majority of all ABT members present.

9. ABT members use the term "Church" when referring to gang meetings. The conduct of criminal activity by ABT members is often discussed at Church. These meetings are generally held in locations where secrecy can be maintained.

10. In addition to members, the enterprise includes those closely affiliated with the ABT who are called "associates." While females are not allowed to become members of the ABT; those who associate with the ABT and engage in criminal activity for the benefit of the ABT are often referred to as "featherwoods." Associates who do not fulfill their obligations to the ABT are sometimes subject to violence, and sometimes murder.

11. Members, and oftentimes associates, are required to follow

the orders of higher-ranking members, often referred to as a "direct order" or "D.O." In particular, members are required, when ordered, to kill without hesitation. Members and associates who do not fulfill their obligations to the ABT are themselves subject to violent acts, including murder.

## LEADERSHIP STRUCTURE

12. In Texas there are two competing ABT factions. Each faction follows the leadership of its respective faction. Each faction has similar chain of command structures and has a defined militaristic ranking structure. ABT members refer to the gang as the "Family." The hierarchy of each faction is broken up into separate TDCJ regions. There are five TDCJ regions. Each region has the following chain of command: general, major, captain, lieutenant, sergeant-at-arms, and soldier. The ranking structure remains constant; however, there are frequent personnel changes (promotions, demotions, terminations) within the rank structure. Each faction of the ABT is governed by a five person "Steering Committee" (Wheel). Each Wheel member (who holds the rank of General) is responsible for one of five separate regions within the State of Texas. Each Wheel member is responsible for appointing its subordinate, ranking members (Majors) within his respective region. Each Wheel member also appoints an inside Major (in-custody member) and an outside Major (referred to as someone in the "free world") in his respective region. These

Majors in turn, are responsible for appointing their subordinate Captains and Lieutenants who, in turn, appoint their sergeants. Wheel members typically remain in place regardless of custody status unlike other ranking members who typically lose rank when their custody status changes.

### PURPOSES OF THE ENTERPRISE

13. The purpose of the enterprise includes the following:

    a. Preserving and protecting power, territory, and profits through the use of intimidation, violence, threats of violence, assaults, robbery, and murder;

    b. Promoting and enhancing members'/prospects'/associates' activities;

    c. Keeping non-members and its members/prospects/associates in fear of the enterprise through threats of violence and actual violence.

    d. Enriching the members/prospects/associates of the ABT through robberies, gun trafficking, identity theft, and drug trafficking.

### MEANS AND METHODS OF THE ENTERPRISE

14. The means and methods by which the members/prospects/associates conduct and participate in the affairs of the ABT criminal enterprise include the following:

    a. ABT members/prospects/associates commit, and attempt

7

       and threaten to commit, acts of violence, including assault and murder, to protect and expand their criminal operations and to maintain their status.

b. ABT members promote a climate of fear through violence and threats of violence.

c. The ABT rules dictate that an attack against a member will be considered an attack on the enterprise as a whole. All ABT members are required to counter any such attack.

d. ABT members promulgate rules as documented in their Constitution to be followed by all participants, including the rule that any ABT member assisting law enforcement authorities must be killed.

e. To enforce the rules and promote discipline, ABT members murder, attempt to murder, assault, and threaten those participants in the enterprise who violate rules or orders, or who pose a threat to the enterprise.

f. To generate income, ABT members engage in illegal activities under the protection of the enterprise, including narcotics trafficking, fraud, trafficking in firearms, identity theft, and other illegal activities.

g. For protection and armed combat, ABT members acquire, carry, and use firearms.

h. To perpetuate the enterprise, ABT members attempt to conceal from law enforcement the existence of the ABT, the identity of its participants, and the way in which it conducts its affairs.

i. To keep secret their activities, ABT members communicate using codes and hidden messages, and use a network of hubs to relay messages among members/prospects/associates.

## ROLES OF THE DEFENDANTS

15. The defendants, who participate in the operation and management of the enterprise, are:

   a. **Jim Flynt McIntyre, a/k/a "Q-Ball,"** is an ABT enforcer;

   b. **Michael DeWayne Smith, a/k/a "Bucky,"** is an ABT gang member who conducts criminal activities for the benefit of the ABT;

   c. **Frank Lavelle Urbish, Jr., a/k/a "Thumper,"** is a leader in the ABT and holds the rank of Acting Captain for the San Antonio, Texas area.

16. The above-described enterprise, through its members/prospects/associates, engaged in racketeering activity as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1), namely acts involving murder, in violation of Texas Penal Code § 19.02, and narcotics trafficking in violation of 21 U.S.C. §§ 841(a)(1) and 846.

## Overview

17. On or about May 4, 2008, ABT prospect Mark Davis Byrd, Sr. was murdered in Atascosa County, Texas by **Jim Flynt McIntyre, a/k/a "Q-Ball," Michael DeWayne Smith, a/k/a "Bucky,"** and an unindicted co-conspirator. Mark Davis Byrd, Sr. was murdered as a result of a "discipline" ordered by **Frank LaVelle Urbish, Jr., a/k/a "Thumper,"** for allegedly stealing drugs he was ordered to deliver to a customer on behalf of the ABT. The defendants sought to maintain and increase position within the ABT by murdering Mark Davis Byrd, Sr.

## COUNT ONE
[18 U.S.C. § 1959(a)(5)]

### Conspiracy to Murder Mark Davis Byrd, Sr.

18. At all times relevant to this indictment, the ABT, as more fully described in Paragraphs one through seventeen of the General Allegations, which are re-alleged and incorporated by reference as though fully set forth herein, constituted an enterprise as defined in 18 U.S.C. § 1959(b)(2), that is, a group of individuals associated in fact, which is engaged in, or the activities of which affect, interstate and foreign commerce.

19. Starting on or about April 27, 2008, and continuing until on or about May 4, 2008, in Atascosa County, in the Western District of Texas and elsewhere, for the purpose of gaining entrance to or maintaining or increasing position within the ABT, an enterprise

engaged in racketeering activity, the defendants, **Jim Flynt McIntyre, a/k/a "Q-Ball," Michael DeWayne Smith, a/k/a "Bucky," and Frank Lavelle Urbish, Jr., a/k/a "Thumper,"** and others known and unknown to the grand jury, did intentionally and knowingly conspire to murder Mark Davis Byrd, Sr. in violation of Texas Penal Code, Sections 19.02(b)(1) and 15.02.

In violation of 18 U.S.C. §1959(a)(5).

**COUNT TWO**
[18 U.S.C. §§ 1959(a)(1) & 2]

**Murder of Mark Davis Byrd, Sr.**

20. At all times relevant to this indictment, the ABT, as more fully described in paragraphs one through seventeen of the General Allegations, which are re-alleged and incorporated by reference as though fully set forth herein, constituted an enterprise as defined in 18 U.S.C. § 1959(b)(2), that is, a group of individuals associated in fact which is engaged in, or the activities of which affect, interstate and foreign commerce.

21. On or about May 4, 2008, in Atascosa County, in the Western District of Texas, for the purpose of gaining entrance to or maintaining or increasing position within the ABT, an enterprise engaged in racketeering activity, the defendants, **Jim Flynt McIntyre, a/k/a "Q-Ball," Michael DeWayne Smith, a/k/a "Bucky," and Frank Lavelle Urbish, Jr., a/k/a "Thumper,"** aiding each other, did intentionally and knowingly murder Mark Davis Byrd,

Sr. in violation of Texas Penal Code, Sections 19.02(b)(1), and 7.01.

All in violation of 18 U.S.C. §§ 1959 (a)(1) and 2.

## COUNT THREE
[18 U.S.C. §§ 924(c)(1)(A)(iii) & 2]

### Carrying a Firearm During and in Relation to a Crime of Violence

22. On or about May 4, 2008, in Atascosa County and elsewhere, in the Western District of Texas, the defendants, **Jim Flynt McIntyre, a/k/a "Q-Ball," and Michael DeWayne Smith, a/k/a "Bucky,"** aiding each other, did knowingly use or carry a firearm, that is, a Remington Magnum Express, 12-gauge shotgun, bearing serial number A135212M, during and in relation to a crime of violence, for which the defendants may be prosecuted in the United States, as alleged in Count TWO of the Indictment, to wit: Violent Crimes in Aid of Racketeering, and as a result of that use, caused the death of Mark Davis Byrd, Sr.

In violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.

## COUNT FOUR
[18 U.S.C. §§ 924(j)(1) & 2]

### Using and Carrying a Firearm to Commit Murder During and in Relation to a Crime of Violence

23. On or about May 4, 2008, in Atascosa County and elsewhere, in the Western District of Texas, the defendants, **Jim Flynt McIntyre, a/k/a "Q-Ball," and Michael DeWayne Smith, a/k/a "Bucky,"** aiding each other, did knowingly use and carry a

firearm, that is, a Remington Magnum Express, 12-gauge shotgun, bearing serial number A135212M, during and in relation to a crime of violence for which the defendants may be prosecuted in the United States, as alleged in Count TWO of the Indictment, to wit: Violent Crimes in Aid of Racketeering, which is realleged and incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants did unlawfully kill Mark Davis Byrd, Sr., by shooting him with the firearm during the perpetration of a crime of violence.

In violation of 18 U.S.C. §§ 924(j)(1) and 2.

## COUNT FIVE
[18 U.S.C. §§ 922(g)(1) and 924(a)(2)]

### Felon in Possession of a Firearm

24. On or about May 4, 2008, in the Western District of Texas, defendants **Jim Flynt McIntyre, a/k/a "Q-Ball," Michael DeWayne Smith, a/k/a "Bucky," and Frank Lavelle Urbish, Jr., a/k/a/ "Thumper,"** having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, **Jim Flynt McIntyre, a/k/a "Q-Ball"** was convicted of: Burglary of a Habitation, a felony, in cause number 94CR0178, judgment dated on or about March 9, 1994, in the 226th District Court, Bexar

County, Texas; Burglary of a Habitation, a felony, in cause number 6671, judgment dated on or about November 1, 1988, in the 334th Judicial District Court, Chambers County, Texas; Burglary of a Habitation, a felony, in cause number 6410, judgment dated on or about November 1, 1988, in the 344th Judicial District Court, Chambers County, Texas; and Burglary of a Habitation, a felony, in cause number 6670, judgment dated on or about November 1, 1988, in the 334th Judicial District Court, Chambers County, Texas. **Michael DeWayne Smith, a/k/a "Bucky"** was convicted of Burglary of Habitation, a felony, in cause number A990730R, judgment dated on or about December 1, 2000, in the 128th Judicial District Court of Orange County, Texas. **Frank Lavelle, Urbish, Jr., a/k/a "Thumper,"** was convicted of: Burglary of a Building, a felony, in cause number 750678, judgment dated on or about July 9, 1997, in the 185th District Court, Harris County, Texas; Burglary of a Building, a felony, in cause number 74740, judgment dated on or about July 9, 1997, in the 185th District Court, Harris County, Texas; and Robbery - Bodily Injury, a felony, in cause number 1019375, judgment dated on or about April 21, 2005, in the 230th District Court, Harris County, Texas. **Jim Flynt McIntyre, a/k/a "Q-Ball," Michael DeWayne Smith, a/k/a "Bucky," and Frank Lavelle Urbish, Jr., a/k/a "Thumper,"** did knowingly and unlawfully possess, in and affecting commerce, a firearm, to wit: a Remington Magnum Express, 12-gauge shotgun,

bearing serial number A135212M.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

### NOTICE OF SPECIAL FINDINGS AS TO JIM FLYNT MCINTYRE

25. The grand jury repeats and re-alleges the accusations of Counts ONE and TWO of the indictment.

26. With respect to Counts ONE and TWO, the grand jury makes the following special findings that the defendant, **Jim Flynt McIntyre, a/k/a "Q-Ball"**:

    a. was 18 years of age or older at the time of the offense charged in Counts II (18 U.S.C. § 3591(a));

    b. intentionally killed the victim, Mark Davis Byrd, Sr. (18 U.S.C. § 3591(a)(2)(A));

    c. committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim, Mark Davis Byrd, Sr. (18 U.S.C. § 3592(c)(6));

    d. committed the offense after substantial planning and premeditation to cause the death of Mark Davis Byrd, Sr. (18 U.S.C. § 3592(c)(9)).

### NOTICE OF SPECIAL FINDINGS AS TO MICHAEL DEWAYNE SMITH

27. The grand jury repeats and re-alleges the accusations of Counts ONE and TWO of the indictment.

28. With respect to Counts ONE and TWO, the grand jury makes the following special findings that the defendant, **Michael DeWayne**

Smith, a/k/a "Bucky":

    a. was 18 years of age or older at the time of the offense charged in Counts II (18 U.S.C. § 3591(a));

    b. intentionally killed the victim, Mark Davis Byrd, Sr. (18 U.S.C. § 3591(a)(2)(A));

    c. committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim, Mark Davis Byrd, Sr. (18 U.S.C. § 3592(c)(6));

    e. committed the offense after substantial planning and premeditation to cause the death of Mark Davis Byrd, Sr. (18 U.S.C. § 3592(c)(9)).

**NOTICE OF SPECIAL FINDINGS AS TO FRANK LAVELLE URBISH, JR.**

29. The grand jury repeats and re-alleges the accusations of Counts ONE and TWO of the indictment.

30. With respect to Counts ONE and TWO, the grand jury makes the following special findings that the defendant, **Frank Lavelle Urbish, Jr., a/k/a "Thumper"**:

    a. was 18 years of age or older at the time of the offense charged in Counts II (18 U.S.C. § 3591(a));

    b. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the

   offense, and Mark Davis Byrd, Sr. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

c. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Mark Davis Byrd, Sr. died as a result of the act (18 U.S.C. § 3591(a)(2)(D));

d. committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim, Mark Davis Byrd, Sr. (18 U.S.C. § 3592(c)(6));

e. committed the offense after substantial planning and premeditation to cause the death of Mark Davis Byrd, Sr. (18 U.S.C. § 3592(c)(9)).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

### Pursuant to 18 U.S.C. §§ 924(d)(1), 3665 and 28 U.S.C. § 2461

31. As the result of committing one or more of the foregoing offenses, a violation of 18 U.S.C. § 922 (as specified in 18 U.S.C. § 922(d)(1)), as alleged in this indictment, defendants shall forfeit to the United States of America pursuant to 18 U.S.C. §§ 924(d)(1), 3665 and 28 U.S.C. § 2461, all firearms subject to forfeiture based on the aforementioned statutes,

including but not limited to the following:

**Firearm:**

    A.   a Remington Express, 12-gauge shotgun, bearing serial number A135212M

By virtue of the commission of the offenses alleged in this ~~superseding~~ indictment, any and all interest the Defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. §§924(d)(1), 3665 and 28 U.S.C. §2461.

                                      A TRUE BILL,



                                      FOREPERSON

JOHN E. MURPHY
United States Attorney

_____
DAVID M. SHEARER
Assistant United States Attorney

_____
DAVID N. KARPEL
Trial Attorney, US Department of Justice